IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-236-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SONDI AKRIDGE BEST, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for sentence modification, (DE 70). The government did not respond to the motion.

On January 9, 2018, the court sentenced defendant to 51 months' imprisonment following her convictions for wire fraud, in violation of 18 U.S.C. § 1343. At sentencing, the court did not recommend that the Federal Bureau of Prisons ("BOP") place defendant in a residential reentry center or similar community confinement placement for any portion of the custodial sentence.

In the instant motion, defendant requests that the court recommend that the BOP place defendant in community confinement for the final six months of her custodial sentence.[1] In support, defendant states that she has maintained clear conduct while in BOP custody. Defendant also is enrolled in the BOP's residential drug abuse treatment program.

The court has authority to issue a post-judgment recommendation to the BOP for placement in community confinement. See 18 U.S.C. § 3621(b)(4) (explaining the BOP may consider "any statement" by the sentencing court "recommending a type of penal or correctional facility" when

---

[1] To the extent defendant seeks a court order directing the BOP to place her in community confinement, the court has no authority to order such relief. See 18 U.S.C. § 3621(b) (providing that "any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect" on the BOP and that the BOP's placement authority "is not reviewable by any court").

determining an inmate's place of confinement); United States v. Ferguson, No. 6:16-CR-707-JMC-8, 2018 WL 5095149, at *2-3 (D.S.C. Oct. 18, 2018) (collecting cases); see also United States v. Ceballos, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (noting in dicta the district court has "authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time"); cf. United States v. Smith, 733 F. App'x 86, 88 (4th Cir. 2018) ("[A] district court's sentencing recommendation is not binding on the BOP, and thus is neither a final decision . . . nor a final sentence under 18 U.S.C. § 3742 (2012).").

While the court finds it has authority to issue post-judgment recommendation for placement in community confinement, it declines to exercise such authority here. The court did not recommend community confinement at sentencing despite consideration of all relevant pre-sentencing conduct. And the BOP is better positioned to evaluate whether defendant's post-sentencing conduct justifies placement in community confinement.

The court, however, commends defendant for her record of achievement in custody, as reflected in the instant motion. Defendant's reported performance in custody is consistent with the court's expectations at time of sentencing.

Based on the foregoing, the court DENIES defendant's motion for sentence modification, (DE 70).

SO ORDERED, this the 30th day of October, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge